### In re EATONTON ELECTRIC CO.

#### (District Court, S. D. Georgia, W. D. March 5, 1903.)

1. JUDGES—DISQUALIFICATION—RELATIONSHIP.

Rev. St. § 601 [U. S. Comp. St. 1901, p. 484], provides that, whenever it appears that the judge of any District Court is so related to either party as to render it improper for him to sit on the trial, it will be his duty, on application by either party, to cause the fact to be entered on the records, and certify the suit to the next circuit court for the district, etc. Section 914 [U. S. Comp. St. 1901, p. 684] provides that the practice, pleadings, and forms and modes of proceeding in civil causes in the Circuit and District Courts shall conform, as near as may be, to the practice, pleadings, etc., in like causes in courts of record of the state within which such Circuit or District Courts are held. Code Ga. § 4045, declares that no judge can sit in any cause or proceeding in which he is related to any party within the fourth degree without the consent of all the parties in interest. *Held* that, even with the consent of the parties, a federal judge should not sit in a cause in which he is related to one of the parties within the fourth degree of consanguinity.

Petition to Review Referee's Findings.

¶ 1. See Judges, vol. 29, Cent. Dig. § 233.

M. F. Adams, for petitioners.
George S. Jones, for respondent.

SPEER, District Judge. At the outset of this cause it appeared that Mr. George A. Speer, of Atlanta, might have an interest in the controversy. Mr. Speer is a relative of mine by consanguinity. We are lineal descendants, three degrees removed, from a common great grandfather, William Speer, formerly of Abbeville district, South Carolina. At the threshold of the case I called the attention of the attorneys of record to the relationship, and inquired as to the interest of Mr. Speer. This was not at the time definitely known. The parties entered into a consent that, notwithstanding the relationship, the case should proceed. It is, however, true that nothing but formal orders were passed; and now that a judicial matter is presented, namely, an application for review of a referee's order directing a sale of the property of the Eatonton Electric Company, I again instituted an inquiry as to the interest of Mr. Speer. I have just received from that gentleman the following telegram: "Judge Emory Speer, Macon, Ga.: Mrs. D. N. Speer, W. A. Speer and I own entire issue first mortgage bonds. [Signed] George A. Speer." In view of this information, now for the first time definitely appearing, notwithstanding the consent of counsel of record to waive the disqualification, it is proper to inquire whether I should act as judge on any contested matter in the suit now pending.

Section 601, Rev. St. [U. S. Comp. St. 1901, p. 484], provides:

"Whenever it appears that the judge of any District Court is in any way concerned in interest in any suit pending therein, or has been of counsel for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court; and, also, an order that an authenticated copy thereof, with all the proceedings in the suit, shall be forthwith certified to the next Circuit Court for the District; and if there be no Circuit Court therein, to the next Circuit Court in the state; and if there be no Circuit Court in the state, to the next Circuit Court in an adjoining state; and the Circuit Court shall, upon the filing of such record with its clerk, take cognizance of and proceed to hear the case, in like manner as if it had originally and rightfully been commenced therein."

Provision is otherwise made for the disposition of such causes when so removed, by section 637, Rev. St. [U. S. Comp. St. 1901, p. 519]. This briefly declares that the Circuit Court shall have the same cognizance of such causes, and in like manner, as the said District Court might have. This being a proceeding in bankruptcy, all the powers of the bankruptcy court will thus be conferred upon the Circuit Court for all the purposes of this case.

By virtue of section 601, Rev. St., supra, the question of disqualification seems to be left, to some extent, to the opinion of the judge presiding; but, of course, his opinion will be formed in accordance with those settled and well-known principles intended to secure absolute impartiality of trial and judgment. Now, it is true that at common law it was held not objectionable for a judge to sit in a cause to which a relative was a party; but even at common law there are cases to the effect that, while relationship may not disqualify a

judge, it is at least sufficient ground for his retirement of his own motion.

It may be regarded, however, as an established principle of American jurisprudence that relationship of the judge to a party to a cause will generally operate to disqualify him from its hearing and determination. 17 Am. & Eng. Ency. Law (2d Ed.) 736. Authorities to this effect are cited from every state in the Union. The disqualifying degree of relationship is prescribed by statute in each state, but apparently not by an act of Congress. Nor have I been able to find a reported decision by a United States court upon judicial disqualification on account of relationship. It is true that section 914, Rev. St. [U. S. Comp. St. 1901, p. 684], provides:

"That the practice, pleading, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform as near as may be, to the practice, pleadings, the forms and modes of procedure existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

While the act does not expressly authorize the adoption in a United States court of the rule of disqualification enacted by the state Legislature, the spirit of the statute and manifest propriety will, I think, justify the court in adopting, "as near as may be," as its guide on this question, the statute of the state of Georgia. This provides (Code, § 4045):

"No judge or justice of any court can sit in any cause or proceeding in which he is pecuniarily interested, or related to any party within the fourth degree of consanguinity or affinity * * * without the consent of all the parties in interest."

It is, however, true that this statute must be considered in connection with the language of section 601, Rev. St., supra, which seems to intrust to the discretion of the judge of the United States court to determine if his relationship renders it improper for him to sit on the trial.

Now, relationship, in Georgia, except certain specific degrees, not involved here, is determinable by the rules of the canon law, as adopted and enforced in the English courts prior to the 4th of July, 1776. Code, § 3355; Wetter, Guardian, et al., v. Habersham et al., Executors, 60 Ga. 199, 200. By the canon law, I am a cousin of George, and three degrees removed from the common ancestor, William, and, but for the consent, and being within the fourth degree of consanguinity, would be disqualified under the Georgia statute. It remains to be determined whether it is proper for me to act upon the consent of parties, and, as judge, try the issues of this case. It is my opinion that, for reasons of public policy, and also since Congress has afforded a convenient and accessible tribunal for the trial of the cause, it is my duty to withdraw. In several of the states waiver of disqualification is distinctly forbidden. In the absence of a definite rule for the national courts, it seems appropriate that they should adopt that which will the more effectively shelter the judges from criticism. In the case of Oakly v. Aspinwall, 3 N. Y. 547, the Court of Appeals of that state declare:

. "It is of great importance that the court should be free from reproach or the suspicion of unfairness. A party may be interested only that the particular suit should be justly determined; but the state—the community—is concerned not only for that, but that the judiciary shall enjoy an elevated rank in the estimation of mankind. Although the party consent, he will invariably murmur if he do not gain his cause, and the very man who induced the judge to act when he should have forborne will be the first to arraign his decision as biased and unjust."

This ruling is approved·in the Matter of White, 37 Cal. 192, and in Newcome v. Light, 58 Tex. 141, 44 Am. Rep. 604, and other cases.

For these reasons, the court must decline any further connection with this cause, and will direct that it be certified to the Circuit Court of this district for its appropriate action.